If anything, it was rather in the defendants' favor.

The trial justice several times charged that defendants were only required to use reasonable care in the use of the machinery in question.

The question of negligence of the defendants, under the circumstances of this case, was a question of fact for the jury, and the justice was right in refusing to dismiss the complaint; likewise was the question of contributory negligence.

The judgment must be affirmed, with costs.

VAN WYCK, Ch. J., concurs.

Judgment affirmed, with costs.

---

LOUIS STEINHARDT et al., Respondents, *v.* HERMAN TURK, Appellant.

(City Court of New York, General Term, October, 1896.)

Attachment — Its grounds must be stated.

> The ground upon which an attachment was issued must be stated; and where the only allegation upon this point is a general statement that "the defendant had assigned and transferred his property with intent to defraud his creditors," the affidavit is insufficient and the attachment must be vacated.

APPEAL from an order vacating a warrant of attachment.

Goldfogle, Cohn & Lind, for appellant.

L. Verino, for respondents.

FITZSIMONS, J. The attachment granted herein upon its face shows that it was issued for the reason that it appears that " defendant has assigned and transferred his property with intent to defraud his creditors."

Such an attachment cannot stand, for the reason that it fails to state the ground upon which it was issued. See Hale v. Prote, 75 Hun, 13, and Johnson v. Buckel, 65 id. 601.

The motion to vacate said attachment should have been granted.

Order appealed from reversed and the warrant of attachment herein vacated, with costs to appellant.

VAN WYCK, Ch. J.   I concur in the result that the warrant of attachment should be vacated, with ten ($10) dollars costs and that order be reversed with costs.

Order reversed and warrant of attachment vacated, with costs.